UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

A. J. JONES, JR.,

        Plaintiff,

v.

EVERCOM / SERENS,
Irving Texas,

        Defendant.

Civil File No. 06-3695 (ADM/JSM)

REPORT AND RECOMMENDATION

Plaintiff, an inmate at the Sherburne County Jail in Elk River, Minnesota, commenced this action by filing a pleading entitled "Complaint For Violation Of Civil Rights Under 42 U.S.C. 1983." (Docket No. 1.) Plaintiff did not tender the $350 filing fee for this action when he filed his complaint, but he instead filed an application seeking leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915. (Docket No. 3.)

This matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1. For the reasons discussed below, the Court finds that Plaintiff's complaint fails to state a claim on which relief can be granted. The Court will therefore recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I. BACKGROUND**

On or about August 10, 2006, Plaintiff was arrested for robbing a bank in Minneapolis, Minnesota. He has been charged with a federal bank robbery offense in a federal criminal case that is currently pending in this District. United States v. Jones, Crim. No. 06-279 (DWF/JJG). A federal public defender has been appointed to represent Plaintiff

in his pending criminal case.

Plaintiff alleges that after he was arrested, he was taken to the Sherburne County Jail, where he was offered the opportunity to make one telephone call. He followed the instructions he was given for making a call, and reached a "phone service operator." He then followed the further instructions he received from the operator, in order to complete his call. (The complaint does not identify the party Plaintiff was trying to call.)

In the remainder of the complaint, Plaintiff alleges as follows:

> "When the party that I was attempting to call answered the phone on their end. – the line on my end went dead! After approximately (10) seconds, the phone service operator came back on the line and told me, Quote: In order to complete the transfer of this call, the party that you dialed must first establish an account with this phone service! – Please call back later to see if your party has established an account. Thank you! END OF COMPLAINT"

Complaint, (Docket No. 1), attachment ["Statement of Claim Continued"].

Based on these meager allegations, Plaintiff is now attempting to sue a defendant that is identified in the caption of the complaint as "Evercom / Serens, Irving Texas." The named Defendant is never mentioned in any of the substantive allegations of the complaint. It appears, however, that Defendant must be a telephone service provider, and Plaintiff must be claiming that Defendant is somehow responsible for the phone call problems described in his complaint.

Although the complaint does not describe any specific injury that Plaintiff allegedly has suffered, he is seeking relief described as follows:

> "(1) injunction Relief For the Amount of, three - million Dollars. (2) punitive relief for the Amount of one - million Dollars. (3) Declaratory relief for the Amount of, one - million Dollars, And (4) Compensatory Damages for the Amount of Ten - Million Dollars. – Because the plaintiff has been denied his full due process of rights. thereby unable to Contact An Attorney the plaintiff Seeks Appointment of Counsel. In Addition, The plaintiff wants this

> honorable court to know that because He is unable to Afford a "pre-paid phone card" he is unable to seek counsel on His own behalf."

Complaint, Section V ("Relief").

## II. DISCUSSION

An IFP application will be denied and the action dismissed when a plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996)(per curiam).[1] In this case, the Court finds, for several reasons, that Plaintiff's complaint fails to state any claim on which relief may be granted.

The caption of Plaintiff's complaint indicates that this action is brought under 42 U.S.C. § 1983, which suggests that Plaintiff is attempting to bring a civil rights action for some alleged violation of his federal constitutional rights. To state an actionable § 1983 civil rights claim, a plaintiff must plead (and eventually prove) facts showing "'(1) [a] violation of a constitutional right, (2) committed by a state actor, (3) who acted with the requisite culpability and causation to violate the constitutional right.'" Hart v. City of Little Rock, 432 F.3d 801, 804 (8th Cir.), cert. denied, 126 S.Ct. 2902 (2006) (citations omitted). Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter

---

[1] 28 U.S.C. § 1915(e)(2) was enacted as part of the Prison Litigation Reform Act of 1995 (Pub.L. No. 104-134, 110 Stat. 1321 (1996)) ("the PLRA"). It replaces § 1915(d), which authorized the dismissal of an IFP complaint only if it was found to be "frivolous." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (holding that a complaint is "frivolous" and therefore subject to dismissal under § 1915(d) "where it lacks an arguable basis either in law or in fact"). Section 1915(e)(2), which is applicable to all cases filed after April 26, 1996, (the effective date of the PLRA), provides for dismissal of IFP cases not only where the complaint is "frivolous," (§ 1915(e)(2)(B)(i)), but also where it "fails to state a claim on which relief may be granted" (§ 1915(e)(2)(B)(ii)).

of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (emphasis added). See also, Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) ("[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions").

Thus, in order to state a cause of action under § 1983, Plaintiff's complaint must allege specific historical facts showing that the named Defendant violated the Plaintiff's federal constitutional rights while the Defendant was acting under color of state law. Plaintiff's present complaint fails to state an actionable claim for relief, because it does not allege any facts satisfying any of the fundamental elements of a § 1983 cause of action.

Most notably, there are no factual allegations in Plaintiff's complaint describing any violation of Plaintiff's federal constitutional rights. Although the complaint includes one unexplained reference to "due process," Plaintiff has not alleged any facts showing that the named Defendant violated Plaintiff's constitutional right to due process. To maintain an actionable due process claim, Plaintiff would have to show that Defendant deprived him of some constitutionally protected liberty or property interest, without affording him the procedural protections of due process. Ragan v. Lynch, 113 F.3d 875, 876 (8th Cir. 1997) ("[a] due process claim is cognizable only if there is a recognized liberty or property interest at stake"). Nothing in Plaintiff's complaint suggests that Defendant deprived him of any constitutionally protected liberty or property interest warranting the protection of due process. Therefore, the complaint fails to state an actionable due process claim.

In addition, Plaintiff has not alleged any facts showing that Defendant is a "state actor," or that Defendant is being sued for anything that it did (or failed to do) while acting under color of state or federal law. For this additional reason, the Court finds that Plaintiff has failed to plead an actionable § 1983 claim. See Andrews v. City of West Branch, 454

F.3d 914, 918 (8th Cir. 2006) ("[t]o state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of a constitutional right committed by a person acting under color of state law").

## III. CONCLUSION

For the reasons discussed above, the Court finds that Plaintiff's complaint clearly fails to state a cause of action on which relief can be granted.  Therefore, Plaintiff's IFP application must be denied, and this action must be summarily dismissed, pursuant to § 1915(e)(2)(B)(ii).  Notwithstanding the dismissal of this action, Plaintiff shall remain liable for the unpaid balance of the $350 filing fee.[2]  He has not yet paid any part of the filing fee for this action, so he still owes the full $350 fee prescribed by 28 U.S.C. § 1914(a).  Plaintiff's custodian will have to deduct that amount from his institutional trust account and pay it to the Clerk of Court in accordance with 28 U.S.C. § 1915(b)(2).  Finally, the Court finds that the dismissal of this action should count as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

## IV. RECOMMENDATION

---

[2] Under the Prison Litigation Reform Act, ("PLRA"), prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action.  However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee."  In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee.  Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time").  Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee.  See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 3), be **DENIED**;

2. This action be **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii);

3. Plaintiff be required to pay the unpaid balance of the Court filing fee, namely the full $350.00, in accordance with 28 U.S.C. § 1915(b)(2); and

4. For purposes of 28 U.S.C. § 1915(g), this action be dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted."

Dated: September 14, 2006

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **October 2, 2006**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.