UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

A.J. Jones,

        Plaintiff,                        **MEMORANDUM OPINION
AND ORDER**

v.                                        Civ. No. 06-3695 ADM/JSM

Evercom/Sereus,

        Defendant.

_____

A.J. Jones, *pro se*.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge pursuant to Plaintiff A.J. Jones's ("Plaintiff") Objections [Docket No. 11] to Magistrate Judge Janie S. Mayeron's Report and Recommendation ("R&R") [Docket No. 6] dated September 14, 2006. The R&R recommends that Plaintiff's Complaint [Docket No. 1] seeking relief under 42 U.S.C. § 1983 be dismissed for failure to plead a cause of action upon which relief can be granted. For the reasons set forth below, the R&R is adopted.

## II. BACKGROUND

The procedural and factual background, described in the R&R, is incorporated by reference for review of Plaintiff's Objections. Briefly stated, Plaintiff has been charged with a federal bank robbery offense in a case pending in this District. United States v. Jones, Crim. No. 06-279 (DWF/JJG). He is currently an inmate at the Sherburne County Jail (the "Jail") in Elk River, Minnesota. Plaintiff alleges that to make a phone call from the Jail, inmates must have a pre-paid phone card or must call collect. Compl. at 3, 5; Objections at 2. On or about August

10, 2006, Plaintiff attempted to make a collect call.  Compl. at 3, 5.  He states that the call was disconnected by a phone service operator, however, because the party on the other end did not have an account with Evercom, a telecommunications company.  Id. at 5.

On August 29, 2006, Plaintiff filed an "Inmate Grievance Form."  Id. at 6.  The Jail's "Response to Inmate Grievance," dated August 31, 2006, instructed Plaintiff to submit his lawyer's phone number to a sergeant at the Jail, who would verify the number and then enter it as a free call.  Id. at 7.  Plaintiff has not indicated whether he followed this procedure.

On September 12, 2006, Plaintiff initiated suit against "Evercom/Sereus" under 42 U.S.C. § 1983 for violation of his due process rights.  Plaintiff seeks injunctive relief and $15 million in damages.  Id. at 4.  Plaintiff has applied to proceed *in forma pauperis* ("IFP") [Docket No. 3].

### III. DISCUSSION

**A.   Standard of Review**

The district court reviews de novo those portions of a R&R to which objection is made and "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C); see also D. Minn. R. 72.2(b).

Under 28 U.S.C. § 1915A(a), courts are required to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  To the extent that a pleading fails to state a claim upon which relief may be granted, it must be dismissed.  28 U.S.C. § 1915A(b)(1).

**B.  Due Process**

Plaintiff objects to the R&R's conclusion that his Complaint fails to state a § 1983 claim. To state an actionable § 1983 claim, Plaintiff must plead facts showing (1) a violation of a constitutional right, (2) committed by a state actor or person acting under color of state law, (3) "'who acted with the requisite culpability and causation to violate the constitutional right.'" Hart v. City of Little Rock, 432 F.3d 801, 804 (8th Cir. 2005) (citations omitted); see also Andrews v. City of W. Branch, 454 F.3d 914, 918 (8th Cir. 2006).  To state a due process claim, Plaintiff must allege that Defendant deprived him of a constitutionally protected liberty or property interest, without affording him the procedural protections of due process.  Ragan v. Lynch, 113 F.3d 875, 876 (8th Cir. 1997).  Although federal courts "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law."  Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980).

This Court agrees with the R&R's conclusion that Plaintiff has not stated a claim upon which relief may be granted.  Although Plaintiff refers to "due process," he fails to allege historical facts that could establish that Defendant deprived him of liberty or property interests protected by due process.  The fact that a single collect call was disconnected does not rise to the level of a violation of Defendant's constitutional due process rights.  Additionally, Plaintiff does not allege that Defendant is a state actor or acted under color of state law.  For these reasons, the R&R correctly concluded that Plaintiff's Complaint fails to state a § 1983 claim.

Even if Plaintiff had sued an appropriate official at the Jail, dismissal would still be proper because reasonable limitations are allowed on Plaintiff's communications with people outside the Jail.  Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985).  The record here is

unclear as to the policies in place at the Jail regarding outside telephone calls. Apparently a pre-paid phone card is required. Staff at the Jail notified Plaintiff, however, that he can make a free phone call to his lawyer after the phone number is verified. Plaintiff does not allege that he utilized this remedy, nor does he provide reasons why it would be inadequate. On these facts, Plaintiff has not stated a § 1983 claim against officials at the Jail.

**C.     Appointment of Counsel**

"There is no constitutional or statutory right to appointed counsel in civil cases. Rather, when an indigent prisoner has pleaded a nonfrivolous cause of action, a court 'may' appoint counsel." <u>Phillips v. Jasper County Jail</u>, 437 F.3d 791, 794 (8th Cir. 2006) (citations omitted); 28 U.S.C. § 1915(e)(1). Because Plaintiff has not alleged facts that can support a § 1983 claim, Plaintiff's Objection regarding appointed counsel is overruled.

Additionally, since Plaintiff has not stated a viable claim for relief, his Application for Leave to Proceed IFP is denied as moot. Further, Plaintiff is responsible for the $350 filing fee prescribed by 28 U.S.C. § 1914(a). Finally, the dismissal of this action is counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).[1]

---

[1] Plaintiff has requested assistance in serving Defendant with copies of the Complaint. September 19, 2006, Letter to Clerk [Docket No. 14]. This request is denied as moot.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The R&R [Docket No. 6] is **ADOPTED**;

2. Plaintiff's Objections [Docket No. 11] are **OVERRULED**;

3. Plaintiff's Complaint [Docket No. 1] is **DISMISSED**;

4. Plaintiff's Application for Leave to Proceed *in forma pauperis* [Docket No. 3] is **DENIED** as moot;

5. Plaintiff is required to pay the $350 Court filing fee in accordance with 28 U.S.C. § 1915(b)(2); and

6. The dismissal of this action is counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: November 8, 2006.